UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
GUANGZHOU YONGJIA GARMENT
MANUFACTURING CO. LTD.,

                       Plaintiff,

                                          **REPORT AND RECOMMENDATION**
                                             **19 CV 2759 (NGG)(LB)**

    - against –

ZOOMERS INC.,

                       Defendant.
--------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiff, Guangzhou Yongjia Garment Manufacturing Co. Ltd. ("Yongjia"), brings this diversity action against Defendant, Zoomers Inc. ("Zoomers"), to recover money allegedly due for apparel products that Yongjia sold and delivered to Zoomers. Compl. ¶¶ 4, 7, 9, ECF No. 1. Yongjia moves pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and Local Civil Rule 55.2 for entry of a default judgment against Zoomers in the amount of $151,925.12, plus pre-judgment and post-judgment interest at a 9% per annum rate. Mot. Default J. 1, ECF No. 10. The Honorable Nicholas G. Garaufis referred plaintiff's default judgment motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). Electronic Order 6/15/2020. For the reasons set forth below, it is respectfully recommended that: the Court should decline to rule on plaintiff's motion for a default judgment; the complaint should be dismissed without prejudice for failure to adequately plead subject matter jurisdiction; and plaintiff should be granted leave to file an amended complaint within thirty (30) days of any adoption of this Report and Recommendation.

## BACKGROUND[1]

Yongjia manufactures apparel products; Zoomers sells apparel products.  See Compl. ¶¶ 3-4.  At some point in 2015, Zoomers issued purchase orders to purchase various apparel products from Yongjia.  Id. ¶¶ 4, 8.  Yongjia accepted the orders and delivered the goods to Zoomers, who received the shipments and accepted delivery.  Id. ¶¶ 9, 15.  Yongjia issued invoices, which were designated as 15PM01-012, 15PMO2-021, and 16PM08-019, were due on May 13, 2015, June 5, 2015, and August 11, 2016, respectively, and collectively totaled $162,350.95.  Id. ¶¶ 9-10.  Zoomers received the invoices without objection, id. ¶ 22, and Yongjia made written demands for payment, id. ¶ 17; nonetheless, payment of the balance of $151,925.12 remains outstanding and due, id. ¶¶ 10-12.

## PROCEDURAL HISTORY

On May 10, 2019, plaintiff commenced this diversity action against defendant by filing the complaint, which alleges three causes of action: breach of contract, account stated, and unjust enrichment.  ECF No. 1.  On July 22, 2019, plaintiff filed an affidavit of service of the summons and complaint on the New York Secretary of State as agent for defendant.  See ECF No. 6.  After defendant failed to answer or otherwise respond to the complaint, the Court ordered plaintiff to take appropriate action against defendant by September 27, 2019.  Electronic Order 9/16/2019.  Plaintiff requested a certificate of default on September 25, 2019, ECF No. 8, which the Clerk of Court entered on October 3, 2019, ECF No. 9.  On October 9, 2019, plaintiff filed the instant motion for a default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and

---

[1] The facts in this section are drawn from the uncontested allegations in plaintiff's complaint and are accepted as true for the purpose of deciding this motion.  See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997) ("It is, of course, ancient learning that a default judgment deems all the well-pleaded allegations in the pleadings to be admitted.").

Local Civil Rule 55.2, seeking $151,925.12, plus pre-judgment and post-judgment interest at a 9% per annum rate.[2]  ECF No. 10.  Plaintiff's counsel, attorney Ruofei Xiang, attaches to the instant motion: an affirmation in support, ECF No. 10-1, a proposed order, ECF No. 10-2, and an affirmation of service, ECF No. 10-3.  On June 15, 2020, the Honorable Nicholas G. Garaufis referred plaintiff's motion, ECF No. 10, to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b).  Electronic Order 6/15/2020.

## DISCUSSION

### I.    Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction."  <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994).  "They possess only that power authorized by Constitution and statute[.]"  <u>Id.</u> (citations omitted).  "A federal court's jurisdiction generally may be predicated upon federal question jurisdiction, codified at 28 U.S.C. § 1331, or diversity jurisdiction, codified at 28 U.S.C. § 1332."  <u>Winter v. Novartis Pharm. Corp.</u>, 39 F. Supp. 3d 348, 350 (E.D.N.Y. 2014).  Although not raised by the parties, the Court must be satisfied that jurisdiction exists before considering the claims presented.  <u>See</u> <u>Wynn v. AC Rochester</u>, 273 F.3d 153, 157 (2d Cir. 2001) (per curiam) (citations omitted); <u>Lyndonville Sav. Bank & Tr. Co. v. Lussier</u>, 211 F.3d 697, 700 (2d Cir. 2000) ("It is axiomatic that federal courts . . . may not decide cases over which they lack subject matter jurisdiction."); <u>Mackason v. Diamond Fin. LLC</u>, 347 F. Supp. 2d 53, 54 (S.D.N.Y. 2004) ("A district court is required to raise <i>sua sponte</i> the question whether diversity of citizenship is adequately pleaded[.]").  This requirement applies with no less force on a motion for default judgment.  <u>See, e.g.</u>, <u>Centra Developers Ltd. v. Jewish Press Inc.</u>, No. 16 CV 6737 (WFK)(LB),

---

[2] Although the complaint seeks pre-judgment interest, attorney's fees, and costs, Compl. 4, the motion for default judgment does not request attorney's fees and costs, <u>see</u> Mot. Default J., ECF No. 10.  The complaint does not expressly request post-judgment interest. <u>See</u> Compl., ECF No. 1.

2018 WL 1788148, at *5 (E.D.N.Y. Feb. 20, 2018), report and recommendation adopted, 2018 WL 1445574 (E.D.N.Y. Mar. 23, 2018) (citations omitted) ("Prior to entering a default judgment, the Court must ascertain that subject matter jurisdiction exists over plaintiff's claims."). "[T]he party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." Bey v. New York, No. 12 CV 2171 (WFK), 2012 WL 1899379, at *2 (E.D.N.Y. May 4, 2012) (quoting Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009)).

Here, plaintiff invokes this Court's subject matter jurisdiction based on diversity jurisdiction, specifically alienage jurisdiction. See Compl. ¶ 5 ("This Court possesses jurisdiction over this case pursuant to 28 U.S.C. § 1332(a), as there is diversity between a subject of a foreign state and a citizen of the State of New York[.]"); 28 U.S.C. § 1332(a)(2). 28 U.S.C. § 1332 "provides for diversity jurisdiction for disputes between, *inter alia,* 'citizens of a State and citizens or subjects of a foreign state.'" Bayerische Landesbank v. Aladdin Capital Mgmt. LLC, 692 F.3d 42, 48 (2d Cir. 2012) (quoting 28 U.S.C. § 1332(a)(2)) (explaining that "[t]his form of diversity jurisdiction is often referred to as 'alienage' jurisdiction."). See also Hebei Tiankai Wood & Land Constr. Co. v. Chen, 348 F. Supp. 3d 198, 205–06 (E.D.N.Y. 2018) (recounting the history and purpose of alienage jurisdiction). Alienage jurisdiction requires complete diversity between the parties. Ergowerx Int'l, LLC v. Maxell Corp. of Am., 18 F. Supp. 3d 453, 454–55 (S.D.N.Y. 2014), aff'd, 615 Fed. Appx. 689 (Fed. Cir. 2015) (collecting cases).

For purposes of diversity jurisdiction, a corporation of a foreign State is "deemed, constructively, a citizen or subject of such State," JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd., 536 U.S. 88, 91 (2002) (citation omitted), and a corporation is "a citizen of both its state of incorporation and its principal place of business, regardless of whether such place is foreign or domestic," Bayerische, 692 F.3d at 51 (citing 28 U.S.C. § 1332(c)(1)). Courts define

principal place of business as the "nerve center" — "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities."  See Hertz Corp. v. Friend, 559 U.S. 77, 80–81 (2010).  For purposes of diversity jurisdiction, a limited liability company's citizenship is determined by the citizenship of its members, see Bayerische, 692 F.3d at 49 (citing Handelsman v. Bedford Vill. Assoc. Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir. 2000)), and thus the complaint "must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company,"  Avant Capital Partners, LLC v. W108 Dev. LLC, 387 F. Supp. 3d 320, 322 (S.D.N.Y. 2016) (quoting New Millennium Capital Partners, III, LLC v. Juniper Grp. Inc., No. 10 Civ. 46 (PKC), 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010) (citing Handelsman, 213 F.3d at 51–52)).

Plaintiff has not adequately pleaded Yongjia's citizenship.[3]  Plaintiff alleges that Yongjia at all material times "was and is a foreign company engaged in international commerce with its principal offices located at 217 Teishanhe Road, Shandong Ave., Huashan Town, Huadu, Xinhe Cun, Guangzhou, Guangdong 510880."  Compl. ¶ 1.[4]  Besides describing itself as a "foreign company," plaintiff does not allege what type of entity Yongjia is.  Based on its full name, "Guangzhou Yongjia Garment Manufacturing *Co. Ltd*.," Compl. 1 (emphasis added), it may well

---

[3] In addition, plaintiff pleaded Zoomer's citizenship in a similarly inartful manner.  Plaintiff alleges that Zoomers is "a New York corporation with its principal place of business located at 32 33rd St. Unit 5, Brooklyn, NY 11232." Compl. ¶ 2.  This barebones pleading does not specify, *inter alia*, whether New York is Zoomer's sole state of incorporation.  See Vigilant Ins. Co. v. OSA Heating & Cooling LLC, No. 3:10 CV 00981 (CSH), 2013 WL 3766596, at *2 (D. Conn. July 16, 2013) ("Plaintiff has failed to specify whether New York is its *sole* state of incorporation and, as a result, this Court cannot determine whether for diversity purposes New York is the only state of which Plaintiff is a citizen.") (emphasis in original); 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of *every* State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]") (emphasis added).

[4] Besides providing this address, plaintiff's complaint does not allege of which foreign state Yongjia is a subject or citizen; however, plaintiff lists "People's Republic of China" as the "County of Residence" in the Civil Cover Sheet.  See ECF No. 2 at 1.

be that Yongjia is a limited liability company or a corporation; however, this is far from clear. <u>See</u> <u>White Pearl Inversiones S.A. v. Cemusa, Inc.</u>, 647 F.3d 684, 686–87 (7th Cir. 2011) ("[I]t can be difficult to decide whether a business bearing the suffix 'Ltd.' is a corporation for the purpose of § 1332 or is more like a limited partnership, limited liability company, or business trust.").[5]  If Yongjia is in fact a limited liability company, the complaint is inadequately pleaded for failing to identify Yongjia's members and their citizenship.  If Yongjia is in fact a corporation, the complaint is still inadequately pleaded.  Plaintiff does not allege where Yongjia is incorporated nor Yongjia's "principal place of business."  Plaintiff's allegation that Yongjia has "principal offices" at an address in an unidentified foreign state is insufficient.  <u>See</u> Compl. ¶¶ 1, 5.  The complaint simply does not plead sufficient jurisdictional facts to enable the Court to determine whether there is complete diversity between the parties.

As plaintiff has failed to adequately plead diversity[6] to establish the Court's subject matter jurisdiction over the instant case, the Court should decline to consider the merits of plaintiff's motion.  <u>See, e.g.</u>, <u>Roistacher v. Bondi</u>, 624 Fed. App'x 20, 23 (2d Cir. 2015) (summary order) ("Having determined that it lacked subject-matter jurisdiction, the district court's subsequent consideration of the merits . . . was thus a nullity.").  However, it is respectfully recommended that the Court should grant plaintiff thirty (30) days from the date of any adoption of this Report and

---

[5] The Court also refers plaintiff to Rule IV(G) of the individual rules of Judge Garaufis: "In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to 28 U.S.C. § 1332 and in which at least one party is a partnership, limited liability company, trust, or any other type of unincorporated association, the party asserting the existence of such jurisdiction shall, prior to the first in-person appearance in the action, submit to the court a letter setting forth the citizenship of each of the entity's members, partners, shareholders, and/or trustees. **Failure to comply with this provision will result in dismissal of the action without prejudice.**"  Individual Rules of Judge Nicholas G. Garaufis (Feb. 24, 2020).

[6] There is no basis for federal question jurisdiction pursuant to 21 U.S.C. § 1331. <u>See</u> Compl. ¶¶ 4-6; <u>cf.</u> <u>Winter</u>, 39 F. Supp. 3d at 351 (finding no federal question jurisdiction where "[t]he parties point to no federal statute, constitutional question, or treaty that is implicated by this action.").

Recommendation to file an amended complaint to cure the deficiencies in the complaint to establish subject matter jurisdiction. See Maitland v. Fishbein, 712 F. App'x 90, 92 (2d Cir. 2018) (summary order) (quoting Canedy v. Liberty Mut. Ins. Co., 126 F.3d 100, 103 (2d Cir. 1997)) ("'[A] failure to allege facts establishing jurisdiction need not prove fatal to a complaint.'. . . 'Unless the record clearly indicates that the complaint could not be saved by any truthful amendment, we generally afford an opportunity for amendment.'"); Miss Jones LLC v. Seaview Court, LLC, No. 17 CV 1169 (DLI)(PK), 2018 WL 3635045, at *2 (E.D.N.Y. Feb. 16, 2018) (recommending denial of default motion where plaintiff failed to adequately allege complete diversity and leave to file an amended complaint or affidavits to cure the defects). To the extent that the amended complaint fails to establish the existence of this Court's subject matter jurisdiction, the action may be dismissed for lack of jurisdiction without further notice. See Avant Capital Partners, LLC, 387 F. Supp. 3d at 323.

## II.    Requirements for Entering a Default Judgment

Even if the Court concludes that plaintiff has established the existence of this Court's subject matter jurisdiction, plaintiff's motion should nevertheless be denied for failure to comply with the requirements for entry of a default judgment.

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against a defendant, and the defendant fails to appear or move to set aside the default under Rule 55(c), the Court may, on a plaintiff's motion, enter a default judgment. See Fed. R. Civ. P. 55(b)(2).

The Second Circuit has an "oft-stated preference for resolving disputes on the merits," making default judgments "generally disfavored." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95-96 (2d Cir. 1993). "Accordingly, plaintiff is not entitled to a default judgment as a matter of right simply because a party is in default." Finkel v. Universal Elec. Corp., 970 F. Supp. 2d 108, 118 (E.D.N.Y. 2013) (citing Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993)). Although on a motion for a default judgment, the Court "deems all the well-pleaded allegations in the pleadings to be admitted," Transatlantic Marine Claims Agency, Inc., 109 F.3d at 108, the Court still has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief," Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)). In other words, "[a]fter default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." Rolls-Royce PLC, 688 F. Supp. 2d at 153 (citation omitted).

In addition to the requirements of Rule 55, plaintiff must follow this Court's local rules. See Contino v. United States, 535 F.3d 124, 126 (2d Cir. 2008) (citation omitted) ("Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution.");[7] Miss Jones, LLC v. Viera, No. 18 CV 1398 (NGG)(SJB), 2019 WL 926670, at *4 (E.D.N.Y. Feb. 5, 2019), report and recommendation adopted, 2019 WL 955279 (E.D.N.Y. Feb. 26, 2019) (quoting Bhagwat v. Queens Carpet Mall, Inc., No. 14 CV 5474, 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015)) ("[A] motion for default judgment will not be

---

[7] Although district courts have authority to determine when a party's noncompliance with a local rule may be excused, Contino, 535 F.3d at 126, plaintiff's noncompliance should not be excused in this case.

granted unless the party making that motion adheres to certain local and individual rules."). Local Civil Rule 55.2(b) provides that a party seeking default judgment by the Court "shall append to the application (1) the Clerk's certificate of default, (2) a copy of the claim to which no response has been made, and (3) a proposed form of default judgment." Loc. Civ. R. 55.2(b). Further, the Local Rule requires that plaintiff mail to defendant "*all* papers submitted to the Court" pursuant to Local Civil Rule 55.2(b). See Loc. Civ. R. 55.2(c) (emphasis added). Proof of this mailing must be filed with the Court. Id. In addition, Local Civil Rule 7.1 provides that, except for letter-motions, "all motions shall include. . . [a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion[.]" Loc. Civ. R. 7.1(a)(2).

Plaintiff's motion fails to comply with the Local Rules in multiple ways. Plaintiff's motion did not include a memorandum of law. See Mot. Default J., ECF No. 10; Loc. Civ. R. 7.1. Plaintiff did not attach to its motion the certificate of default nor its complaint. See Mot. Default J., ECF No. 10; Loc. Civ. R. 55.2(b). While counsel affirms that a copy of the motion and the supporting affirmation were served on defendant, he does not affirm that plaintiff's proposed order was included in that mailing, as required. See Affirm. Service, ECF No. 10-3; Loc. Civ. R. 55.2(c).[8] Accordingly, even if subject matter jurisdiction had been established, plaintiff's motion for default judgment would still be denied in light of the foregoing procedural deficiencies. See Pompey v. 23 Morgan II, LLC, No. 16 CV 2065 (ARR)(PK), 2017 WL 1102772, at *3 (E.D.N.Y. Feb. 13, 2017) (citing Cardoza v. Mango King Farmers Market Corp., No. 14 CV 3314 (SJ)(RER), 2015 WL 5561033, at *2 n.4 (E.D.N.Y. Sept. 1, 2015), report and recommendation adopted, 2015 WL 5561180 (E.D.N.Y. Sept. 21, 2015)) ("The absence of a memorandum of law that comports with the requirements of Rule 7.1 could alone form a basis for denying Plaintiff's motion [for default

---

[8] As plaintiff failed to submit a memorandum of law and a copy of the complaint with its motion, presumably these documents also were not mailed to defendant.

judgment].”); Century Sur. Co. v. Atweek, Inc., No. 16 CV 335 (ENV)(PK), 2018 WL 10466835, at *1 (E.D.N.Y. Jan. 9, 2018) (“A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules. One such rule, Local Civil Rule 55.2(b) provides that certain items must be appended to a default judgment motion . . . The fact that some of these items may be found electronically, scattered on the docket, does not absolve movants of their obligation to collect and append copies to their moving papers.”); United States v. Hamilton, No. 18 CV 2011 (ADS)(SIL), 2019 WL 6830318, at *2 (E.D.N.Y. Nov. 26, 2019), report and recommendation adopted, 2019 WL 6828276 (E.D.N.Y. Dec. 13, 2019) (collecting cases) (“[F]ailure to comply with Local Rule 55.2(c) warrants denial of the motion for default judgment . . . Indeed, courts in the Eastern and Southern Districts regularly deny such motions when strict procedural compliance is lacking.”).

Furthermore, besides failing to comply with Local Civil Rule 55.2 and to provide a memorandum of law explaining why liability is established, plaintiff’s motion supplies no evidentiary support for the damages requested.

On a motion for a default judgment, the Court must “conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.” Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citation omitted). “There must be an evidentiary basis for the damages sought,” Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc., 699 F.3d 230, 234 (2d Cir. 2012), and plaintiff carries the burden of proving damages, e.g., Liberty Mut. Ins. Co. v. Fast Lane Car Serv., Inc., 681 F. Supp. 2d 340, 346, 349 (E.D.N.Y. 2010). While the Court must ensure there is an evidentiary basis for the damages requested, the Court has discretion in deciding whether to make a determination based

on evidence presented at a hearing or based on review of documentary evidence alone without a hearing.  See Metro Found. Contractors Inc., 699 F.3d at 234.

In support of its motion, plaintiff attaches an attorney affirmation, proposed order, and affirmation of service.  See Mot. Default J., ECF No. 10.  Although plaintiff's complaint mentions purchases orders, invoices, and "written demands for payment," Compl. ¶¶ 8-9, 17, plaintiff fails to provide these referenced documents,[9] see Mot. Default J., ECF No. 10.  This would have been helpful to the Court.[10]  Ultimately, plaintiff's affirmation is insufficient to establish that plaintiff is entitled to the damages award sought.[11]  Compare Credit Lyonnais Sec. (USA), Inc., 183 F.3d at 154-55 (concluding that allegations in a complaint and an affidavit from plaintiff's counsel, who did not have personal knowledge of the facts, were insufficient evidence to support a damages award) and Palco Telecom Serv., Inc. v. Glob. Warranty Grp., LLC, No. 14 CV 4818 (ADS)(SIL), 2015 WL 1509598, at *9 (E.D.N.Y. Mar. 31, 2015) (concluding that "an attorney affirmation that fails to describe with any detail Plaintiff's calculation of damages" was insufficient to establish the sums plaintiff sought) with Ningbo Home Expo Co. v. Life Sys. Imports, Inc., No. 08 CV 2066

---

[9] Plaintiff should attach the documents referenced to any amended complaint. Cf. A. & R. Lobosco, Inc. v. Superior Trading, Inc., No. 15 CV 3737 (SJ)(ST), 2016 WL 5723982, at *6 (E.D.N.Y. Sept. 14, 2016), report and recommendation adopted, 2016 WL 5719720 (E.D.N.Y. Oct. 3, 2016) (attaching invoices to the complaint where plaintiff sought damages for the amounts owed).

[10] Cf., First Bank & Tr. v. Coventina Constr. Corp., No. 18 CV 6648 (NGG)(VMS), 2019 WL 4120363, at *7 (E.D.N.Y. July 23, 2019), report and recommendation adopted, 2019 WL 4089393 (E.D.N.Y. Aug. 26, 2019) (finding damages sought were supported where plaintiff provided copies of unpaid invoices, defendants' emails approving those invoices, and an "affidavit attesting that those invoices are unpaid."); Glob. Drilling Suppliers, Inc. v. Pier Tech, Inc., No. 13 CV 1106 (JFB)(SIL), 2018 WL 3599215, at *4 (E.D.N.Y. June 27, 2018), report and recommendation adopted, 2018 WL 3597503 (E.D.N.Y. July 25, 2018) (finding damages sought were supported where plaintiff provided copies of the invoices, statements summarizing the invoices and payments received, and a supplemental affidavit); Sung Taek Kwon v. Leg Res., Inc., No. 15 Civ. 9658 (RWL), 2018 WL 2316630, at *2, 4 (S.D.N.Y. May 7, 2018) (finding damages sought were supported where plaintiff provided an attorney affirmation and plaintiff's declaration, along with correspondence and other records as exhibits).

[11] Furthermore, plaintiff's lack of evidentiary support leaves unexplained a discrepancy in its complaint: plaintiff alleges that the three unpaid invoices totaled $162,350.95 but that only $151,925.12 remains outstanding. See Compl. ¶¶ 9-12; see also Affirm. Supp. Mot. Default J. ¶ 8.  Presumably, defendant made some payments, but the complaint is silent on this point.

(ARR), 2010 WL 1459354, at *3 (E.D.N.Y. Feb. 16, 2010), <u>report and recommendation adopted</u>, 2010 WL 1487816 (E.D.N.Y. Apr. 13, 2010) (concluding that the damages award was sufficiently supported where plaintiff provided detailed invoices and calculations). Accordingly, plaintiff's failure to provide an evidentiary basis for the requested relief would be an independent reason to deny plaintiff's motion for a default judgment.

## CONCLUSION

In sum, it is respectfully recommended that the Court should decline to consider plaintiff's motion for a default judgment as plaintiff has failed to adequately plead diversity jurisdiction, comply with the Local Rules, and provide sufficient support for the damages sought; however, plaintiff should be granted thirty (30) days from the date of any adoption of this Report and Recommendation to file an amended complaint, which must be served on the defendant.   In addition, plaintiff shall serve a copy of this Report and Recommendation on defendant and shall file proof of service forthwith.

## FILING OF OBJECTIONS TO REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. <u>See also</u> Fed. R. Civ. P. 6. Such objections shall be filed with the Clerk of the Court.  Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review.  <u>Marcella v. Capital Dist. Physicians' Health Plan, Inc.</u>, 293 F.3d 42, 46 (2d Cir. 2002); <u>Small v. Sec'y of Health & Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989); <u>see</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 152 (1985).

SO ORDERED.

_____/S/_____

Dated: August 28, 2020                        LOIS BLOOM
      Brooklyn, New York                        United States Magistrate Judge